IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARTIN McALLISTER,

    Plaintiff,

v.

DR. THOMAS J. FERRELL,

    Defendant.

CIVIL ACTION NO.: CV511-089

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Ware State Prison in Waycross, Georgia. Defendant filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff states that he has tuberculosis, which caused him to develop a tumor on his pituitary gland. Plaintiff also states that he suffers from diabetes and sleep apnea. According to Plaintiff, while he was incarcerated at Ware State Prison, Defendant Ferrell discontinued the medications he needed for his tumor, diabetes, and pain. Plaintiff alleges that Defendant Ferrell delayed or denied follow-up visits ordered by doctors at the Atlanta Medical Center. Plaintiff also alleges that, while under Defendant's care, he

suffered several relapses of extreme head pain, which caused him to vomit and rendered him unable to eat.

Defendant maintains that Plaintiff failed to exhaust his administrate remedies before he filed his Complaint. Defendant also maintains that Plaintiff fails to state a claim upon which relief may be granted and that he is entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that Plaintiff failed to exhaust his available administrative remedies concerning his claims that Defendant stopped prescribing medication for his pituitary tumor and the associated pain and for his diabetes. Defendant alleges that Plaintiff filed two (2) informal grievances which arguably pertain to these claims, but Plaintiff did not avail himself to the remaining steps in the grievance process. Defendant contends that Plaintiff failed to file even an informal grievance regarding his assertion that Defendant delayed or denied sending him to see medical specialists recommended by the Atlanta Medical Center or that he was not given surgery for his tumor.

AO 72A
(Rev. 8/82)

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

AO 72A
(Rev. 8/82)

The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 18-2, p. 15). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 16). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id. at pp. 16-17). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 18). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 19). A grievance can be rejected as being non-compliant with the SOP, and the specific reason for the rejection is to be given. (Id. at p. 14).

Plaintiff filed Informal Grievance Number 32782 on November 5, 2009, and claimed that he had not received his C-PAP machine and that Defendant Ferrell changed all of the medications his doctor in Atlanta prescribed. (Doc. No. 18-3, p. 15). This informal grievance was rejected on November 10, 2009, because it contained more than one (1) issue. (Id. at p. 17). Plaintiff filed Informal Grievance Number 35114 on

AO 72A
(Rev. 8/82)

December 1, 2009, in which he alleged that Defendant would not give him medications, even though he had constant pain in his head. (Id. at p. 19). This informal grievance was rejected on December 7, 2009, because his statement was not written in the space provided. (Doc. No. 18-4, p. 1). Plaintiff did not re-file either of these informal grievances, nor did he file a formal grievance within the proscribed time period. It is clear that Plaintiff failed to exhaust his available administrative remedies prior to filing his cause of action.

It is unnecessary to address the remaining grounds of Defendant's Motion.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this ___ day of April, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant states that he addressed Plaintiff's claims relating to his C-PAP machine and denial of surgery out of an abundance of caution, as it is not clear based on the service Order if these claims remain a part of Plaintiff's cause of action. Based on the undersigned's review of Plaintiff's initial Complaint and his amendment thereto, it does not appear that Plaintiff made these specific allegations against Defendant; therefore, the undersigned did not direct service based on these particular allegations. Accordingly, it is unnecessary to address these specific factual allegations. In addition, it does not appear that Plaintiff alleged that Defendant was liable for these specific Eighth Amendment violations.

AO 72A
(Rev. 8/82)